# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN LAMONT CRAWFORD, | Case No. 1:26-cv-00924-SAB |
| Plaintiff, | ORDER SCREENING COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| FRESNO COUNTY JAIL, et al., | (ECF No. 1) |
| Defendants. | **THIRTY-DAY DEADLINE** |

On February 3, 2026, Plaintiff Dustin Lamont Crawford, who is proceeding *pro se*, filed a complaint against Fresno County Jail and Atascadero State Hospital  (ECF No. 1.)  Though Plaintiff filed an application to proceed *in forma pauperis*, on March 9, 2026, Plaintiff paid the filing fee.  (ECF No. 2.)  The Court now undertakes its screening of the complaint for subject-matter jurisdiction only.

**I.**

**SCREENING REQUIREMENT**

Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Id.; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

In the complaint, Plaintiff states that the basis for federal question jurisdiction is that "at Atascadero thay made me pee blood and stoll my sperm." (ECF No. 1, p. 4) (sic). Under statement of his claim, Plaintiff alleges that "I were in my bed sleep, when staff and C/Os were polking my poo hoad with something, that cause me to pee [illegible] blood, and they had oxgen mast over my face." (Id. at p. 5) (sic). Under relief, Plaintiff states, "the first time I was at Atascadero DHS they stoll my sperm and the last time I was ther thay had me peeing blood. At three different times." (Id. at p. 6) (sic).

The Court observes that on the civil cover sheet, Plaintiff has indicted that the basis for subject-matter jurisdiction is "Federal Question." (Id. at p. 7.)

## III.

## DISCUSSION

### A.    Subject-Matter Jurisdiction

On the face of the complaint, the Court is unable to ascertain whether it has subject-matter jurisdiction over this action. Therefore, the Court must dismiss the complaint but will give Plaintiff leave to amend in order to file an amended complaint that clearly indicates, through factual and legal allegations, a basis for subject-matter jurisdiction. For Plaintiff's benefit, the Court discusses the subject-matter limitations in the federal district courts.

Federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts can adjudicate only cases that the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. See id. Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377.

Though Plaintiff has checked "Federal Question" jurisdiction on the civil cover sheet, it is nonetheless unclear in the complaint what the basis is for subject-matter jurisdiction in the federal courts—namely, federal question jurisdiction or diversity jurisdiction. Accordingly, the Court discusses this requirement for both.

Diversity jurisdiction generally permits individuals to bring claims in federal court where the claim exceeds $75,000 and the parties are citizens of different states . See 28 U.S.C. § 1332. For example, if a citizen of New York sues a citizen of California for $75,001, a federal court would have subject-matter jurisdiction to hear that claim.

Federal question jurisdiction permits an individual—regardless of the value of the claim—to bring a claim in federal court if it arises under federal law, including the U.S. Constitution. See 28 U.S.C. § 1331. Federal question jurisdiction requires that the federal question appears on the face of a well pleaded complaint, is a substantial component of the complainant's claim, and is of significant federal interest. Federal question subject-matter jurisdiction is frequently derived from federal statutes granting a cause of action to parties who have suffered a particular injury.

Finally, the Court notes that 28 U.S.C. § 1367 provides for supplemental jurisdiction in federal courts. It allows a federal court to hear a claim over which it does not have independent subject-matter jurisdiction if the claim is related to a claim over which the federal court does have independent jurisdiction.

**IV.**

**CONCLUSION AND ORDER**

For the reasons discussed above, Plaintiff has failed to plead an adequate basis for the Court to have subject-matter jurisdiction over the action and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). If Plaintiff chooses to file an amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), and it should state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of federal or state law. Iqbal, 556 U.S. at 678-79. Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly,

550 U.S. at 555 (citations omitted).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   The Clerk of the Court is DIRECTED to terminate ECF No. 2 as MOOT;

2.   The Clerk of the Court shall send Plaintiff a civil rights complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

4.   The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

5.   If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **March 19, 2026**

STANLEY A. BOONE
United States Magistrate Judge

4