# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN LAMONT CRAWFORD, | Case No. 1:26-cv-00924-SAB |
| Plaintiff, | ORDER SCREENING AMENDED COMPLAINT AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| FRESNO COUNTY JAIL, et al., | (ECF No. 5) |
| Defendants. | **THIRTY-DAY DEADLINE** |

On February 3, 2026, Plaintiff Dustin Lamont Crawford, who is proceeding *pro se*, filed a complaint against Fresno County Jail and Atascadero State Hospital  (ECF No. 1.)  Though Plaintiff initially filed an application to proceed *in forma pauperis*, on March 9, 2026, Plaintiff paid the filing fee.  (ECF No. 2.)  On March 20, 2023, the Court screened the complaint for subject-matter jurisdiction only and found that the complaint did not adequately demonstrate a basis for subject-matter jurisdiction.  (ECF No. 4.)  The Court gave Plaintiff leave to amend, and on April 3, 2026, Plaintiff timely filed an amended complaint.  (ECF No. 5.)  The Court now undertakes the screening of the amended complaint, again for subject-matter jurisdiction only.

/ / /

/ / /

/ / /

/ / /

## I.

## SCREENING REQUIREMENT

Federal courts are under a duty to raise and decide issues of subject-matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject-matter jurisdiction is lacking, the Court must dismiss the case. Augustine, 704 F.2d at 1077; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

In the amended complaint, Plaintiff lists defendants as Atascadero State Hospital, "staff members," and "sher[iff]." (ECF No. 5, pp. 2-3.) Plaintiff has checked both federal question and diversity as the basis for subject-matter jurisdiction. (Id. at p. 3.) As his basis for federal question jurisdiction, Plaintiff alleges, " thay [sic] refuse me medical care." (Id. at p. 4.) For diversity, Plaintiff lists that he is a citizen of California; Plaintiff has left the individual defendant information blank but for a corporate defendant Plaintiff lists "Staff Ash." (Id. at pp. 4-5.)

Under his statement of claim, Plaintiff alleges that "at three different time they had me peeing blood. And when I asked if thay could call a ambulance to take a hospital thay tolled me your at one." (Id. at p. 5) (sic). For relief, Plaintiff prays for "80 billon for the three time Ash had me peeing blood and then at anether time being ther steeling my sperm the fallest shit that happen to me. Look for check a copy." (Id. at p. 6) (sic). Attached, Plaintiff has included an exhibit of a settlement check issued to him in relation to Thomas v. California Department of Corrections and Rehabilitation, No. 34-2022-00328693-CU-PO-GDS.[1] Plaintiff asserts that "this check mean it proff that I were peeing blood at Atascadero, c/o and staff member were messing with me, had me peeing blood." (Id. at p. 7.)

---

[1] The Court takes judicial notice that Thomas involved a data breach of personally identifying information at CDCR.

## III.

## DISCUSSION

### A.    Subject-Matter Jurisdiction

On the face of the amended complaint, the Court is again unable to ascertain whether it has subject-matter jurisdiction over this action.  Therefore, the Court must dismiss the complaint but will give Plaintiff a **final opportunity** to amend his complaint in order to file a second amended complaint that clearly indicates, through factual and legal allegations, a basis for subject-matter jurisdiction.  For Plaintiff's benefit, the Court once more discusses the subject-matter limitations in the federal district courts.

Federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Federal courts can adjudicate only cases that the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party.  See id.  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction.  Id. at 377.  Plaintiff has checked "Federal Question" and "Diversity" for subject-matter jurisdiction on the civil cover sheet.  Accordingly, the Court discusses the requirements for both.

Diversity jurisdiction generally permits individuals to bring claims in federal court where the claim exceeds $75,000 and the parties are citizens of different states . See 28 U.S.C. § 1332.  For example, if a citizen of New York sues a citizen of California for $75,001, a federal court would have subject-matter jurisdiction to hear that claim.

Federal question jurisdiction permits an individual—regardless of the value of the claim—to bring a claim in federal court if it arises under federal law, including the U.S. Constitution.  See 28 U.S.C. § 1331.  Federal question jurisdiction requires that the federal question appears on the face of a well pleaded complaint, is a substantial component of the complainant's claim, and is of significant federal interest.  Federal question subject-matter jurisdiction is frequently derived from federal statutes granting a cause of action to parties who have suffered a particular injury.

Finally, the Court notes that 28 U.S.C. § 1367 provides for supplemental jurisdiction in federal courts.  It allows a federal court to hear a claim over which it does not have independent subject-matter jurisdiction (*e.g.*, state-law claim) if the claim is related to a claim over which the federal court does have independent jurisdiction (*e.g.*, related federal claim).

Finally, it appears Plaintiff may be attempting to raise a claim of deliberate indifference to serious medical needs.  Therefore, the Court will provide Plaintiff with the relevant legal standard.

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).  First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Id. (internal citations and quotations omitted.)  Second, the plaintiff must show that the defendant's response to the need was deliberately indifferent.  Id.  The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  Id.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id. (internal citations omitted).  However, an inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983.  Id.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012), citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012), citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988, citing Jackson, 90 F.3d at 332 (internal quotation marks omitted).  In addition,

"[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88, overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed above, Plaintiff has failed to plead an adequate basis for the Court to have subject-matter jurisdiction over this action, and the Court will grant Plaintiff a **final opportunity** to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). If Plaintiff chooses to file a second amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), and it should state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of federal or state law. Iqbal, 556 U.S. at 678-79. Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is DIRECTED to send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order;

4. The second amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

/ / /

5.    If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:    **April 10, 2026**

STANLEY A. BOONE
United States Magistrate Judge