# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN LAMONT CRAWFORD,<br>Plaintiff,<br>v.<br>FRESNO COUNTY JAIL, et al.,<br>Defendants. | Case No. 1:26-cv-00924-SAB<br><br>ORDER OF REASSIGNMENT TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT<br><br>(ECF No. 7)<br><br>**FOURTEEN-DAY DEADLINE** |

On February 3, 2026, Plaintiff Dustin Lamont Crawford, who is proceeding *pro se*, filed a complaint against Fresno County Jail and Atascadero State Hospital. (ECF No. 1.) Though Plaintiff initially filed an application to proceed *in forma pauperis*, on March 9, 2026, Plaintiff paid the filing fee. (ECF No. 2.) On March 20, 2023, the Court screened the complaint for subject-matter jurisdiction only and found that the complaint did not adequately demonstrate a basis for subject-matter jurisdiction. (ECF No. 4.) The Court gave Plaintiff leave to amend, and on April 3, 2026, Plaintiff timely filed an amended complaint. (ECF No. 5.) On April 13, 2026, the Court screened the operative complaint, and again the Court that Plaintiff had failed to plead an adequate basis for subject-matter jurisdiction. (ECF No. 6.) The Court gave leave to amend, and on April 27, 2026, Plaintiff filed his second amended complaint. The Court now undertakes the screening of the second amended complaint, again for subject-matter jurisdiction only.

/ / /

## I.

## SCREENING REQUIREMENT

Federal courts are under a duty to raise and decide issues of subject-matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject-matter jurisdiction is lacking, the Court must dismiss the case. Augustine, 704 F.2d at 1077; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

In the second amended complaint, Plaintiff alleges that, "I do not have dates when everything happen there, but my being there in coustdy cause me a lot of damage to my head created mind problem an[d] personal damage sofore and among other things." (ECF No. 7, p. 3 (sic).)[1] For defendants, Plaintiff lists "Staff C/O" as well as "Fresno County Jail." (Id. at pp. 3, 15.)

More specifically, Plaintiff alleges that "when I was up in Portland I was asleep at my uncles and thay had my dick rock hard rubing green on my dick head saying when it shows go to the hospital and get it cured. The thing about me is that I don't rember when I wake up so it took me stabing a man and going to prison to rember but the thing is I rember my babbys mom in the roome when thay were give me the green behind my dick head and once agen the rome was full of people. So when I send you a copy of the CDCR settlement fund it is them admitting to everything I have to say. An[d] I'm starting to rember more." (Id. at p. 5 (sic).)

Plaintiff continues, "ever since with babby mom thay have trying to disease me. I'm remember what I could not remember befour. Like Dinice McConner boyfriend being in the house that is ba[ck] in the day w[h]ile I was sleep. And the storey go like this me and Dinice and

[1] For clarity, the Court cites to the actual PDF page numbers. Plaintiff's second amended complaint was not filed in order; however, the Court has taken every possible step to view and assess the second amended complaint in the most logical way.

I was in the bed sleep is what I remember now she jumpt out of bed and sta[r]ted screaming at this man in the doorway to [our] bedroom then I start screaming at this man in the doorway to [our] bedroom. More of the memory is someone was talking saying what is J'von doing in the room with your kids come on lets go see. When I got to my kids room with the guy behind me and he says to me see Dustin and he show fear like he couldn't look at then the guy says to go over ther and push him so I did and he stayed [down] with fear. That's all I remember." (Id. at p. 6 (sic).) "How is it thay can keep me under in my sleep how [many] time have me in my sleep not able to move now me getting green rubd on my dick in my sleep." (Id.)

For relief, Plaintiff states, "I was in my bed sleep when a staff member had my dick in thar [sic] hand poking my dick pee spout with something thay [sic] made me pee blood. 20 billion $. Thay violated my eighth amendment." (Id. at p. 2.) Elsewhere, Plaintiff states, "When I were in jail there and in unlawful mistreated me abuse there [authority] and I feel they owe me, pain and suffering among other problems." (Id. at p. 3.)

**III.**

**DISCUSSION**

**A. Subject-Matter Jurisdiction**

On the face of the second amended complaint, the Court is once more unable to ascertain whether it has subject-matter jurisdiction over this action. Therefore, the Court must recommend dismissing the complaint.

Federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts can adjudicate only cases that the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. See id. Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377. Plaintiff has again checked "Federal Question" and "Diversity" for subject-matter jurisdiction. (ECF No. 7, p. 15.) Accordingly, the Court discusses the requirements for both.

Diversity jurisdiction generally permits individuals to bring claims in federal court where the claim exceeds $75,000 and the parties are citizens of different states . See 28 U.S.C. § 1332. For example, if a citizen of New York sues a citizen of California for $75,001, a federal court would have subject-matter jurisdiction to hear that claim.

Federal question jurisdiction permits an individual—regardless of the value of the claim—to bring a claim in federal court if it arises under federal law, including the U.S. Constitution. See 28 U.S.C. § 1331. Federal question jurisdiction requires that the federal question appears on the face of a well pleaded complaint, is a substantial component of the complainant's claim, and is of significant federal interest. Federal question subject-matter jurisdiction is frequently derived from federal statutes granting a cause of action to parties who have suffered a particular injury.[2]

The Court observed that in the first amended complaint, it appeared that Plaintiff may have been attempting to raise a claim of deliberate indifference to serious medical needs as a basis for federal question jurisdiction. (ECF No. 6.) The Court provided Plaintiff with the relevant legal standard. The Court now analyzes how Plaintiff's allegations provide no basis for a federal claim.

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. (internal citations and quotations omitted.) Second, the plaintiff must show that the defendant's response to the need was deliberately indifferent. Id. The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison

[2] The Court notes that 28 U.S.C. § 1367 provides for supplemental jurisdiction in federal courts. It allows a federal court to hear a claim over which it does not have independent subject-matter jurisdiction (*e.g.*, state-law claim) if the claim is related to a claim over which the federal court does have independent jurisdiction (*e.g.*, related federal claim).

physicians provide medical care." Id. (internal citations omitted). However, an inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983. Id.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012), citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012), citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988, citing Jackson, 90 F.3d at 332 (internal quotation marks omitted). In addition, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88, overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122.

The Court finds Plaintiff has not alleged a failure to treat or wanton infliction of pain from any state actor. The Court is left puzzled by Plaintiff's citation to a sexual touch in Portland and the connection of that to Fresno County Jail. The Court also notes that at various times, Plaintiff merely cites to "they" as the actor without identifying who this person or persons were. Plaintiff then states that he only began to remember an incident once he was in prison for stabbing someone. The events described that occurred in Plaintiff's bedroom appear unconnected to any state actor. Finally, the Court previously noted (ECF No. 6) that the settlement check that Plaintiff relies upon as evidence that CDCR admitted to "everything" was from an unrelated civil case involving a data breach of personally identifying information at CDCR. See Thomas v. California Department of Corrections and Rehabilitation, No. 34-2022-00328693-CU-PO-GDS. Otherwise, the Court observes that there are no allegations of who did what; where the relevant incident occurred; and what actually happened. Thus, without even the basics alleged of what occurred, the Court also finds that Plaintiff has failed to allege any defendant was deliberately indifferent.

/ / /

The Court has also considered possible claims of excessive force and sexual assault while in prison and finds that these claims too would be deficient based on the pleading. Again, without the most basic facts, the Court cannot infer either claim. See Hughes v. Rodriguez, 31 F.4th 1211, 1221 (9th Cir. 2022) (analyzing excessive force involving Eighth Amendment); Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (analyzing sexual assault involving Eighth Amendment).

**B. Leave to Amend**

Leave to amend should be denied. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962), quoting Fed. R. Civ. P. 15(a). In other words, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The decision of whether to grant leave to amend is within the discretion of the district court. Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

The Court finds that any further leave to amend would be futile. The Court has given Plaintiff two opportunities to amend, along with providing legal standards, in order to provide more factual allegations to support any claim that would provide the Court with subject-matter jurisdiction. Plaintiff's third amended complaint is simply more of what he has alleged previously. Therefore, leave to amend should not be given.

**IV.**

**ORDER AND RECOMMENDATION**

Because this matter was assigned to a magistrate judge only under the Court's previous Local Rule Appendix A, the Court DIRECTS the Clerk of the Court to randomly assign this matter to a district judge.

Based on the foregoing, IT IS HEREBY RECOMMENDED that this matter be dismissed for lack of subject-matter jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 2, 2026**

STANLEY A. BOONE
United States Magistrate Judge